# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2539

_____

Normandie J. Wiley,

      Appellant,

v.

Kenneth S. Apfel, Commissioner
Social Security Administration,

      Appellee.

Appeal from the United States
District Court for the
District of South Dakota.

_____

Submitted: March 11, 1999

Filed: March 30, 1999

_____

Before BEAM and HEANEY, Circuit Judges, and FENNER,[1] District Judge.

_____

HEANEY, Circuit Judge.

The administrative law judge (ALJ) and district court denied Normandie Wiley's application for social security disability and supplemental security income (SSI) benefits. We reverse and remand to the district court with directions to remand to the Commissioner of Social Security for action consistent with this opinion.

_____

[1]The Honorable Gary A. Fenner, United States District Judge for the Western District of Missouri, sitting by designation.

Wiley is a 47-year-old female with a high school education who was employed from 1978 to 1992 by the Hertz Corporation as a car rental reservationist. Her duties included confirming car reservations for individuals, hotels, and airlines. In May 1993, while employed as a houseparent, she slipped on a wet floor and injured her back. Wiley has had only minimal earnings from that date to the present. The ALJ found that Wiley was unable to return to her past work as either a houseparent or as a car rental reservationist. Wiley contends that her disability has persisted since the date of her injury on May 20, 1993, and it is agreed that her insured status continued until September 30, 1998. After a hearing, the ALJ found that she had the functional residual capacity to perform the physical exertional requirements of light work with the exception of lifting more than twenty pounds on a very occasional basis. The ALJ also concluded that Wiley had nonexertional limitations that affected her ability to do light work. These limitations included an inability to walk or stand for extended periods in an eight-hour day and an inability to stoop, crouch, or kneel. He concluded, however, that based on her exertional capacity for a limited range of light work and the full range of sedentary work, and her age, education, and work experience, the Social Security regulations directed a conclusion of not disabled.

On appeal, Wiley's primary allegation is that the ALJ erred by using the grids to determine whether there were significant jobs in the regional or national economy that she could perform. We agree. Wiley clearly suffers from a nonexertional impairment whose characteristics do not closely match those set forth in the guidelines. Thus, vocational testimony was required to determine whether there are jobs available that Wiley could perform in view of her inability to walk or stand for extended periods in an eight-hour day and her inability to stoop, crouch, or kneel. See McCoy v. Schweiker, 683 F.2d 1138, 1147-49 (8th Cir. 1982) (en banc); Parsons v. Heckler, 739 F.2d 1334, 1339 (8th Cir. 1984); See also 20 C.F.R. Pt. 404, Subpt. P, App. 2 § 200.00(e).

The ALJ called a vocational expert who defined Wiley's work at Hertz as clerical and categorized it as light exertional and unskilled, with a good share of the duties being sedentary. He testified that he did not believe Wiley could return to either of her past jobs. He then testified that an individual with the following limitations could do sedentary work:

> [C]an occasionally lift or carry ten pounds, can frequently lift or carry less than ten pounds, stand and/or walk with normal breaks for at least two hours in an eight-hour work day. Can sit with normal breaks for about six hours of an eight-hour work day. . . . [C]an occasionally climb ramps or stairs, stoop, kneel, crouch or crawl.

(Hr'g Tr. at 50-51).

On the basis of the vocational expert's testimony and the application of the grid, the ALJ determined that Wiley was able to do sedentary, clerical work and thus was not disabled. The problem with this determination is that the hypothetical posed to the vocational expert was incomplete in that it did not contain Wiley's lifting restrictions and inability to stoop, crouch, and kneel. Thus, the matter must be remanded to the ALJ with directions to restate the hypothetical correctly to the vocational expert and to secure the expert's opinion as to whether there are jobs in the regional or national economy that a person with Wiley's limitations can perform; and if so, how many jobs of that nature exist.

Wiley also argues that the ALJ's rejection of uncontroverted medical evidence constitutes an error of law. We have carefully reviewed the medical reports of Dr. Goff, Wiley's treating physician, and are uncertain as to the precise nature Dr. Goff's testimony. It can be read as stating either that Wiley was unable to perform sedentary work or that she could perform sedentary work at least during part of the period between May 1993 and January 1995. On remand, the ALJ should ask Dr. Goff to clarify his testimony as to whether there was any continuous twelve-month period

-3-

between May 1993 and January 1995 during which Wiley was able to perform sedentary work and whether Wiley was able to perform such work as of September 30, 1998, and has a continuing ability to do so.

Finally, we ask the ALJ to review his decision that Wiley's pain complaints were not credible in light of McCoy, 683 F.2d at 1147; Baumgarten v. Chater, 75 F.3d 366, 369 (8th Cir. 1996); and Thomas v. Sullivan, 876 F.2d 666, 669-70 (8th Cir. 1989).

For the foregoing reasons, we reverse and remand to the district court with directions to remand this case to the Commissioner for action consistent with this opinion.

A true copy.

Attest.

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.